## STATE *vs.* ABEL JEANS.

Presumptions as to freedom.

The defendant was indicted for imprisoning, with intent to kidnap, a certain Betsey Bungy; she being a free negro.

It was argued on the part of the defendant, that the prosecuting witness was incompetent to prove her freedom against a white man : that before the act of 1799, a negro could in no case be allowed to give evidence in a court of justice ; and that since that act only *free* black persons can be admitted to give evidence, and then only where it shall appear to the court, before whom the prosecution is depending, that no white person competent to give testimony was present at the time when the fact charged is alledged to have been committed, or where such white persons, who were present, have since

died, or are absent from the State, and cannot be produced as witnesses.

On the other hand it was argued by the prosecution, that the law presumes every person to be free until the contrary is proved, and there being no proof of the slavery of the person whom the defendant is charged to have kidnapped, she must be taken to be free without proof. (*State* vs. *Dillahunt,* and *State* vs. *Griffin,* 2 *Harr. Rep.* 551-9, 60.)

*Court.*—It was originally considered, though it does not seem to have been *adjudged,* that in this State persons of color were presumed to be slaves; the presumption being founded as it has been said on the fact, that a large majority of persons of color were slaves. But the fact has long since changed; and it has been repeatedly decided that as a mere presumption, the inclination is in favor of freedom. It was so held prior to the case of Dillahunt, though that is the first case reported.

But neither that nor the other cases go any thing beyond a mere presumption of law where nothing appears contrary to it, and in cases where no proof is required to be superadded to it. According to these decisions a person of color is presumed to be free for the purpose of being a witness, but this presumption cannot supply full proof of a material fact which cannot be proved even by a free black. In accordance with these decisions, Betsey Bungy, when called to the stand, was sworn without proof of freedom; but, being sworn, she could prove as against the defendant, a white man, no fact capable of proof by white persons, such a fact as her own freedom is when that fact is involved in the substance of the crime charged.

In the case of the State *vs.* Shockley, Kent, Oct. term, 1835, (2 *Harr. Rep.* 531,) it was held that in an indictment against a free negro for larceny, if there be no *proof* of his being free he must be acquitted. In Griffin's case (3 *Harr. Rep.* 559,) it was *adjudged* that the allegation of freedom as contained in an indictment for kidnapping is a substantive allegation, and must be *proved.* And, although in that case, as in Dillahunt's case, and in another case of the State *vs.* Griffin (3 *Harr. Rep.* 551, 560,) it was held that a negro was presumed to be free for the purpose of being a witness, upon principles which favor the admission rather than the rejection of testimony, yet in no case has this legal presumption been held to supply the proof of a fact necessarily averred in an indictment, and necessary to be *proved* by the State. In both the cases against Griffin, though the persons kidnapped were allowed to be sworn as general witnesses, their freedom was also proved by other and competent testimony.

The question, therefore, of the competency of the proof in this case of the freedom of Betsey Bungy, does not depend upon legal presumption so much as on the competency of the witness to testify as to this fact. It is a fact necessarily averred in the indictment; necessary to be *proved* affirmatively by the State, and yet a fact which Betsey Bungy, whether free or slave, is not competent to prove against a white man, it being susceptible of other proof which is unobjectionable and competent.

Verdict, not guilty.